UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

INTERPAGE CO., INC.,

                    Plaintiff,

-against-

ROSHEN USA CORP., A V DELICIOUS FOODS, INC., and KONDITERSKA KORPORATZIA "ROSHEN,"

                    Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-2475 (FB) (VVP)

*Appearances:*
For the Plaintiff:
CHARLES H. KNULL
LINDA MARIE DOUGHERTY
Ullman, Shapiro & Ullman, LLP
299 Broadway, Suite 1700
New York, NY 10007

*For the Defendants:*
STEVEN J. MANDELSBERG
Hahn & Hessen
488 Madison Avenue
New York, NY 10022

**BLOCK, Senior District Judge:**

        For the reasons stated at oral argument and summarized below, defendants' motion to compel arbitration is granted, plaintiff's motion for a preliminary injunction is denied, defendants' motion for attorney's fees and costs is denied, and the case is dismissed without prejudice.

        1.     Defendants' motion to compel arbitration is granted as to all claims because plaintiff's claims against defendant Konditerska Korporatzia "Roshen" ("Roshen Ukraine") fall within the broad arbitration clause in their contract, and plaintiff's claims against Roshen USA Corp. and A V Delicious Foods, Inc. (the "US defendants") are sufficiently intertwined with that contract to require plaintiff to pursue those claims in arbitration. *See*

*Ragone v. Atlantic Video at Manhattan Ctr.*, 595 F.3d 115, 126-27 (2d Cir. 2010) ("[A] non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where a careful review of the relationship among the parties, the contracts they signed, and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.") (internal quotation marks and alterations omitted). Accordingly, plaintiff's motion for a preliminary injunction is denied and the case is dismissed without prejudice.

2. Defendants' motion for attorney's fees and costs is denied because the Court finds that plaintiff's motion for a preliminary injunction was not brought in bad faith. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003) (requiring a showing of bad faith to award attorney's fees and costs under § 1117(a)); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (requiring a showing of bad faith to award attorney's fees and costs under § 1927 and a court's inherent power).

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 16, 2011

2